UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAR 1 2021 PM1:37
FILED-USDC-CT-NEW HAVEN

GRAND JURY N-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| | 3:21cr 33(VLB)(RAR) |
| v. | |
| | VIOLATIONS: |
| ZACHARY LEE FOSTER, a.k.a. "Lee" | |
| JASON METZ, a.k.a. "Jay" | 21 U.S.C. §§ 841(a)(1), 846 |
| JAMES GRANT, a.k.a. "Bobo," "Bo," and "Jimbo" | (Conspiracy To Distribute, and to |
| DEREK METZ | Possess With Intent to Distribute, |
| JESUS NIEVES, a.k.a. "Pop" | Controlled Substances) |
| ALGENYS PAULINO, a.k.a. "Chico" and "Lying Queen" | |
| EDDIE SMALLS, a.k.a. "Pooch" | |
| SHERMAN PETERS, a.k.a. "Red" | |
| LATASHA SLAUGHTER, a.k.a. "Tasha" | |
| LAWRENCE JACKSON | |
| ADAM MINES, a.k.a. "White Boy" | |
| HECTOR DIAZ | |
| LECHARD SANTOS | |
| KEON COUNCIL | |
| RONDELL MAURICE WRIGHT, a.k.a. "Reese" | |
| ISAAC WILSON, a.k.a. "Ike" | |
| CHASCITY PEREZ | |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute, and to Possess with Intent to Distribute,
Heroin, Cocaine Base, and Cocaine)

1.      From in or about October 2020, through on or about March 1, 2021, the exact dates

being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants

ZACHARY LEE FOSTER, a.k.a. "Lee," JASON METZ, a.k.a. "Jay," JAMES GRANT, a.k.a.

"Bobo," "Bo," and "Jimbo," DEREK METZ, JESUS NIEVES, a.k.a. "Pop," ALGENYS

PAULINO, a.k.a. "Chico" and "Lying Queen," EDDIE SMALLS, a.k.a. "Pooch," SHERMAN PETERS, a.k.a. "Red," LATASHA SLAUGHTER, a.k.a. "Tasha," LAWRENCE JACKSON, ADAM MINES, a.k.a. "White Boy," HECTOR DIAZ, LECHARD SANTOS, KEON COUNCIL, RONDELL MAURICE WRIGHT, a.k.a. "Reese," ISAAC WILSON, a.k.a. "Ike," CHASCITY PEREZ, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another to possess with intent to distribute, and to distribute, controlled substances, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

## QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

2.     Defendants JASON METZ, a.k.a. "Jay," DEREK METZ, JESUS NIEVES, a.k.a. "Pop," and ALGENYS PAULINO, a.k.a. "Chico" and "Lying Queen," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

3.     Defendants ZACHARY LEE FOSTER, a.k.a. "Lee," JAMES GRANT, a.k.a. "Bobo," "Bo," and "Jimbo," and EDDIE SMALLS, a.k.a. "Pooch," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 100 grams or more of a mixture and substance

2

containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i).

4.      Defendants SHERMAN PETERS, a.k.a. "Red," LATASHA SLAUGHTER, a.k.a. "Tasha," LAWRENCE JACKSON, ADAM MINES, a.k.a. "White Boy," HECTOR DIAZ, LECHARD SANTOS, KEON COUNCIL, RONDELL MAURICE WRIGHT, a.k.a. "Reese," ISAAC WILSON, a.k.a. "Ike," and CHASCITY PEREZ, knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## QUANTITY OF COCAINE BASE INVOLVED IN THE CONSPIRACY

5.      Defendants ZACHARY LEE FOSTER, a.k.a. "Lee," JAMES GRANT, a.k.a. "Bobo," "Bo," and "Jimbo," and EDDIE SMALLS, a.k.a. "Pooch," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii).

6.      Defendants JASON METZ, a.k.a. "Jay," ALGENYS PAULINO, a.k.a. "Chico" and "Lying Queen," SHERMAN PETERS, a.k.a. "Red," LATASHA SLAUGHTER, a.k.a. "Tasha," and LAWRENCE JACKSON, knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount

of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

7.      Defendants HECTOR DIAZ, LECHARD SANTOS, and ISAAC WILSON, a.k.a. "Ike," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

<u>QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY</u>

8.      Defendants ZACHARY LEE FOSTER, a.k.a. "Lee," ALGENYS PAULINO, a.k.a. "Chico" and "Lying Queen," and EDDIE SMALLS, a.k.a. "Pooch," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

9.      Defendants JASON METZ, a.k.a. "Jay," JAMES GRANT, a.k.a. "Bobo," "Bo," and "Jimbo," JESUS NIEVES, a.k.a. "Pop," and SHERMAN PETERS, a.k.a. "Red," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

4

SECTION 851 INFORMATION
(Zachary Lee Foster)

10.     Pursuant to Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant ZACHARY LEE FOSTER, a.k.a. "Lee," is subject to enhanced penalties as he has been previously convicted of a serious violent felony, as defined by Title 21, United States Code, Section 802(58) as set forth more specifically in paragraph 11 below.

11.     On or about July 27, 1984, the defendant ZACHARY LEE FOSTER, a.k.a. "Lee" was convicted in the State of Connecticut Superior Court of Robbery in the First Degree, in violation of Conn. Gen. Stat. § 53a-134 (No. U04W-CR-0108620-S), at which time was an offense punishable by a maximum term of imprisonment of ten years or more and for which the defendant served more than 12 months of the sentence imposed on him.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 851.

SECTION 851 INFORMATION
(Eddie Smalls)

12.     Pursuant to Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant EDDIE SMALLS, a.k.a. "Pooch," is subject to enhanced penalties as he has been previously convicted of a serious violent felony, as defined by Title 21, United States Code, Section 802(58) as set forth more specifically in paragraph 13 below.

13.     On or about December 16, 1994, the defendant EDDIE SMALLS was convicted in the State of Connecticut Superior Court of Attempted Assault in the Second Degree with a Firearm, in violation of Conn. Gen. Stat. § 53a-60a (No FBT-CR94-0100917-T), and on October 15, 1999,

the defendant EDDIE SMALLS was convicted in the State of Connecticut Superior Court of Assault in the First Degree, in violation of Conn. Gen. Stat. § 53a-59 (No. FBT-CR-97-0132246T), which at the time were both offenses punishable by a maximum term of imprisonment of ten years or more and for which the defendant served more than 12 months of the sentences imposed on him, and on or about October 14, 1999, EDDIE SMALLS was convicted in the United States District Court for the District of Connecticut of Possession of Cocaine Base with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) (No. 3:97CR222 (EBB)), for which the defendant served a term of imprisonment of more than 12 months and whose release from any term of imprisonment was within 15 years of the commencement of the offense charged in Count One of this Indictment.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 851.

## SECTION 851 INFORMATION
(Lawrence Jackson)

14.    Pursuant to Title 21, United States Code, Sections 846, 841(b)(1)(B), 841(b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant LAWRENCE JACKSON, is subject to enhanced penalties as he has been previously convicted of a serious violent felony, as defined by Title 21, United States Code, Section 802(58) as set forth more specifically in paragraph 15 below.

15.    On or about September 16, 2016, the defendant LAWRENCE JACKSON was convicted in the State of Connecticut Superior Court of Robbery in the First Degree, in violation of Conn. Gen. Stat. § 53-134(a)(4) (No UWY-CR-16-0436179-T), at which time was an offense punishable by a maximum term of imprisonment of ten years or more and for which the defendant served more than 12 months of the sentence imposed on him.

6

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(B), 841(b)(1)(C) and 851.

## SECTION 851 INFORMATION
(Adam Mines)

16.     Pursuant to Title 21, United States Code, Sections 846, 841(b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant ADAM MINES, a.k.a. "White Boy," is subject to enhanced penalties as he has been previously convicted of a serious violent felony, as defined by Title 21, United States Code, Section 802(58) as set forth more specifically in paragraph 17 below.

17.     On or about August 20, 2009, the defendant ADAM MINES was convicted in the State of Connecticut Superior Court of Robbery in the First Degree, in violation of Conn. Gen. Stat. § 53-134(a)(2) (No UWY-CR-08-0376001-T), at which time was an offense punishable by a maximum term of imprisonment of ten years or more and for which the defendant served more than 12 months of the sentence imposed on him.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(C) and 851.

## SECTION 851 INFORMATION
(Keon Council)

18.     Pursuant to Title 21, United States Code, Sections 846, 841(b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant KEON COUNCIL, is subject to enhanced penalties as he has been previously convicted of serious violent felony, as defined by Title 21, United States Code, Section 802(58) as set forth more specifically in paragraph 19 below.

19.     On or about September 5, 2014, the defendant KEON COUNCIL was convicted in

the State of Connecticut Superior Court of Robbery in the First Degree, in violation of Conn. Gen. Stat. § 53-134(a)(2) (No UWY-CR-13-0421578-T), at which time was an offense punishable by a maximum term of imprisonment of ten years or more and for which the defendant served more than 12 months of the sentence imposed on him.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(C) and 851.

## FORFEITURE ALLEGATION
(Controlled Substance Offenses)

20.    Upon conviction of the controlled substances offense alleged in Count of this Indictment, the defendants ZACHARY LEE FOSTER, a.k.a. "Lee," JASON METZ, a.k.a. "Jay," JAMES GRANT, a.k.a. "Bobo," "Bo," and "Jimbo," DEREK METZ, JESUS NIEVES, a.k.a. "Pop," ALGENYS PAULINO, a.k.a. "Chico" and "Lying Queen," EDDIE SMALLS, a.k.a. "Pooch," SHERMAN PETERS, a.k.a. "Red," LATASHA SLAUGHTER, a.k.a. "Tasha," LAWRENCE JACKSON, ADAM MINES, a.k.a. "White Boy," HECTOR DIAZ, LECHARD SANTOS, KEON COUNCIL, RONDELL MAURICE WRIGHT, a.k.a. "Reese," ISAAC WILSON, a.k.a. "Ike," and  CHASCITY PEREZ, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, those violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

21.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed

8

beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of those defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

PATRICK F. CARUSO
ASSISTANT UNITED STATES ATTORNEY

BRENDAN J KEEFE
ASSISTANT UNITED STATES ATTORNEY

9